# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL M. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 10-208-RAW-SPS |
| | ) | |
| JIM KEITH and MEDICAL | ) | |
| ADMINISTRATOR OF DAVIS | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

FEB 22 2012

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By_____
Deputy Clerk

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss plaintiff's civil rights complaint. The court has before it for consideration plaintiff's complaint, the defendants' motion, plaintiff's response, and a special report prepared by Davis Correctional Facility (DCF) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at DCF, a Corrections Corporation of America (CCA) private prison in Holdenville, Oklahoma. The defendants are DCF Warden Jim Keith and DCF Medical Administrator Kathy Miller.

Plaintiff alleges that on August 4, 2008, while walking unescorted by staff to the mess hall, he observed two other inmates stabbing a black male. The two attackers then approached plaintiff, and one of the attackers stabbed plaintiff on his right side, using the same knife that was used in the first stabbing. Plaintiff was taken to the medical unit and received four stitches. He requested testing for HIV and other diseases, but was refused. Plaintiff contends the two attackers should have been housed in punitive segregation at the time of the incident because of their previous misconduct, and DCF's severe understaffing contributed to the attack.

The defendants allege plaintiff has failed to exhaust the administrative remedies for his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If that is unsuccessful, he may submit a Request to Staff (RTS). If the complaint still is not resolved, he then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

According to the defendants, the contract between DOC and CCA/DCF requires DCF to maintain a grievance policy through which the inmates can address issues pertaining to their confinement at DCF that are not necessarily applicable to the DOC, such as inmate property or staff issues. CCA/DCF Grievance Policy 14-5 also requires an inmate first to attempt resolution of an issue through informal procedures before filing a formal grievance.

Plaintiff alleges in his complaint that he sought relief through the grievance process, but that process could not provide the relief he sought. He asserts that when he filed a Request to Staff to the DCF Facility Head concerning his physical and mental injuries, he

2

was advised to seek mental health counseling about the stabbing, but his other issues were not addressed. He was transferred and claims to have attempted further exhaustion, but has provided no documentation. According to the affidavit in the special report by the DCF Grievance Coordinator, there is no record that plaintiff filed any grievances, a requirement of the administrative exhaustion procedure.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket No. 15] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

IT IS SO ORDERED this 22nd day of February 2012.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**